UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                  Case No. 19-cr-20185

vs.                                        Honorable Terrence G. Berg

D-1 Ajamion Williams,

        Defendant.

---

**Stipulated Preliminary Order of Forfeiture**

---

Plaintiff, by and through its undersigned attorneys, together with defendant Ajamion Williams, by and through his attorney, Vincent J. Toussaint, Esq., submit this Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following.

Based upon this Stipulation and other information in the record, and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

    1.    Defendant shall forfeit to the United States all right, title, and interest he may possess in all firearms and ammunition involved in or used in the commission of his offense including, but not limited to, the following, as property involved in his violations of 18 U.S.C. § 371 and 18 U.S.C. § 922(j):

- Rifle, Mnf: Norinco (North China Industries), Cal: 7.62X39 mm, Model: Unknown Type, SN: 15592;
- Rifle, Mnf: Israel Weapon Ind-IWI (Israel Military Ind-IMI), Cal: 223, Model: Tavor Sar, SN: T0027653;
- Handgun, Mnf: Kimber, Cal: 45, Model: Pro Covert II, SN: KR75047;
- Handgun, Mnf: F.N. (FN Herstal), Cal: 57, Model: Five-Seven, SN: 386148547;
- Handgun, Mnf: Taurus International, Cal: 45/410, Model: The Judge, SN: BT650235;
- Handgun, Mnf: Taurus International, Cal: 9, Model: PT111 Millennium G2, SN: TKX39900;
- Ammunition – Assorted, Qty: 12, Mnf: Federal, Cal: 9;
- Ammunition, Qty: 81, Mnf: Federal, Cal: 9;
- Ammunition, Qty: 49, Mnf: Remington, Cal: 45;
- Ammunition – Assorted, Qty: 2, Mnf: Assorted, Cal: **;
- Ammunition, Qty: 1, Mnf: Federal, Cal: 9; and
- Ammunition, Qty: 19, Mnf: Winchester-Western, Cal: 762.

(collectively, "Subject Property").

2. The Subject Property **IS HEREBY FORFEITED** to the United States under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) for disposition according to law, and any right, title and interest of defendant, and any right, title and interest that his heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

3. The Subject Property was involved in defendant's violations of 18 U.S.C. § 371 and 18 U.S.C. § 922(j) and is therefore subject to forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and the requisite nexus exists between the Subject Property and the offense of conviction.

4.	In entering into this Stipulated Preliminary Order of Forfeiture, defendant waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Federal Rule of Criminal Procedure 32.2(b)(5). The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly, voluntarily and intelligently waives any challenge to the above described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

5.	Pursuant to Rule 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final and effective as to defendant at the time it is entered by the Court, but remains preliminary as to third parties until the ancillary proceedings, if any, are concluded under Rule 32.2(c).

6.	The forfeiture of the Subject Property shall be made part of defendant's sentence and included in his Judgment.

7.	The defendant's counsel, Vincent J. Toussaint, affirms that he has discussed this Stipulated Order with the defendant and that the defendant consents to the entry of the Stipulated Order of Forfeiture.

8. Upon entry of this Order, the United States, its designee, the ATF, and/or the United States Marshals Service are authorized, pursuant to Rule 32.2(b)(2) and (3), to seize any property identified above which is not currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

9. Pursuant to 21 U.S.C. § 853(n), Rule 32.2, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty (30) consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must

be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

10. After the disposition of any motion filed under Rule 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

11. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

12. If a third party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third party petition as provided under Rule 32.2(c)(2).

13. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2.

Approved as to form and substance:

Saima S. Mohsin
Acting United States Attorney

| | |
|---|---|
| S/Michael El-Zein | S/Vincent J. Toussaint (with consent) |
| Michael El-Zein (P79182) | Vincent J. Toussaint |
| Assistant United States Attorney | Attorney for Ajamion Williams |
| 211 W. Fort Street, Ste. 2001 | Toussaint Law |
| Detroit, MI 48226 | 24901 Northwestern Hwy. Suite 612 |
| (313) 226-9770 | Southfield, MI 48075 |
| Michael.El-Zein@usdoj.gov | 313-878-6699 |
| | vjtoussaint@netscape.net |
| Dated: February 11, 2021 | Dated: February 11, 2021 |

*****************************
**IT IS SO ORDERED.**

Dated: February 17, 2021        /s/Terrence G. Berg
                                Honorable Terrence G. Berg
                                United States District Court Judge